## SUPREME COURT.

WILLIS S. PAINE, as receiver, &c., agt. ERASTUS F. MEAD *et al.*

*Savings banks — Responsibility of trustees for the acts of its officers — Complaint — Demurrer.*

A transaction entered upon the books of a savings bank, although made by the bank officers, is presumed to have been done with the knowledge and assent of the trustees, who are responsible for the acts of the officers whom they place and retain in position.

*Special Term, August,* 1880.

VAN VORST, *J.* — The loan in this case to Benjamin W. Wright, of the sum of $25,000, payable on demand, on the security of a bond and mortgage on premises called " Boscobel," in Westchester county, was, under the facts alleged, an illegal and grossly negligent act.

The sum loaned exceeded the amount in that manner directed to be invested by the charter, and was upon vacant

and uproductive land, not worth twice the sum loaned. For the reasons assigned in the opinion in the case of *Paine, receiver*, agt. *Barnum* (*ante*, 303), the transaction cannot be sustained as a legal application or use of the available fund.

The complaint alleges that the loan was not an act of that degree of care, skill and prudence which a prudent man would use in and about his own business, and that it was an imprudent, foolish and improvident act. The truth of these allegations are admitted by the demurrer.

The transaction was at the time entered on the books of the bank, and, although made by the bank officers, it is presumed to have been done with the knowledge and assent of the trustees. They are legally chargeable with notice of the acts of the officers in and about the business of the bank, especially when they are entered on the books, and if they would escape liability they must dissent from and oppose illegal or improvident action, and seek to remove officials who do them.

The trustees are responsible for the acts of officers whom they place and retain in position. But the complaint contains allegations charging the trustees with knowledge and approval and ratification of the act. This renders them liable. Their defense, if any, must be interposed to the merits.

Neither of the grounds of demurrer are well taken, and there must be judgment for the plaintiff, with liberty to defendants to answer on payment of costs.